IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SULLO, | : | |
|     Plaintiff | : | No. 1:19-cv-00553 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| NATIONWIDE PROPERTY AND | : | |
| CASUALTY INSURANCE COMPANY, | : | |
|     Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff Michael Sullo ("Plaintiff")'s motion to remand (Doc. No. 7) following Defendant Nationwide Property and Casualty Insurance Company ("Defendant")'s notice of removal (Doc. No. 1). For the reasons provided herein, the Court will deny Plaintiff's motion.

### I. BACKGROUND

This declaratory judgment action involves an insurance coverage dispute between Plaintiff, who was injured in an automobile accident on August 21, 2017, and Defendant insurer, who allegedly maintained a business auto policy on the vehicle Plaintiff was operating at the time of the accident. (Doc. No. 1 at 19-23). Plaintiff filed his complaint for declaratory judgment in the Court of Common Pleas for Dauphin County, Pennsylvania on February 19, 2019. (Id. at 1.) Defendant removed the action on March 29, 2019, invoking this Court's diversity subject matter jurisdiction. (Id. at 4-5.)

The instant case presents the question of whether Plaintiff is entitled to underinsured motorist benefits from Defendant. (Id. at 23-24.) At the time of the accident, Plaintiff was operating a vehicle owned by his employer, Appliance Doctor, Inc., while in the course of his employment. (Id. at 19.) Plaintiff alleges that the accident was caused by the negligence of

James Winczuk, Jr. ("Winczuk"), whose vehicle was insured by State Farm. (Id.) According to Plaintiff, he sought and received a recovery of damages from State Farm in the amount of $25,000.00, the limit of liability coverage under Winczuk's policy. (Id. at 21.) Plaintiff alleges, however, that the amount he received from State Farm is insufficient to compensate him for the injuries he sustained in the accident. (Id.) Plaintiff states that, as a result, he sought to recover underinsured motorist benefits from Defendant under the policy of insurance issued to his employer. (Id.) Plaintiff further states that Defendant denied the claim on the basis that underinsured motorist coverage had been rejected by Plaintiff's employer and thus was not a coverage provided on the applicable policy of insurance. (Id. at 22.) Plaintiff alleges that he was never advised by either Defendant or his employer that the vehicle he was operating at the time of the accident was insured by a policy that did not provide underinsured motorist coverage. (Id.) Plaintiff states that because he did not knowingly and voluntarily waive underinsured motorist coverage, under Pennsylvania law any waiver of this coverage is "null and void." (Id. at 22-23.)

Plaintiff filed his motion to remand on April 9, 2019 (Doc. No. 7) in which he requests that the Court decline to exercise its discretionary jurisdiction over this case (id. at 2). Defendant filed a brief in opposition on April 23, 2019. (Doc. No. 10.) Plaintiff did not file a reply brief and the period in which to do so has elapsed. Accordingly, Plaintiff's motion is ripe for disposition.

## II. LEGAL STANDARD

In general, the party asserting jurisdiction "bear[s] the burden of proving that jurisdiction exists." Castro v. United States Dep't of Homeland Sec., No. 16-1339, at *4, 2016 WL 4501943 (3d Cir. Aug. 29, 2016) (internal quotation marks omitted) (quoting Nuveen Mun. Trust ex rel.

2

Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 293 (3d Cir. 2012)). However, a motion requesting that a district court decline to exercise jurisdiction over a claim filed pursuant to the Declaratory Judgment Act does not implicate a defect in federal subject matter jurisdiction. See Reifer v. Westport Ins. Co., 751 F.3d 129, 133 (3d Cir. 2014). Rather, the decision to exercise jurisdiction over Declaratory Judgment Act claims is committed to the "substantial but nonetheless bounded and reviewable discretion" of the district court, as informed by several factors enumerated by the Third Circuit. See Kelly v. Maxum Specialty Ins. Grp., 868 F.3d 274, 282-83 (3d Cir. 2017) (internal quotation marks omitted) (citing Reifer, 751 F.3d at 140). A court may, in certain circumstances, abstain from entertaining an action seeking only declaratory relief. See id. at 281. In deciding whether to entertain a declaratory judgment action, a district court considers factors that bear "on the usefulness of the declaratory judgment remedy, and the fitness of the case for [federal] resolution." See id. at 282 (alteration in original).

## III. DISCUSSION

### A. Arguments of the Parties

In moving for remand, Plaintiff argues that the Court should decline to exercise its discretionary jurisdiction because the instant litigation concerns only issues of state law. (Doc. No. 9 at 4-5.) Plaintiff further argues that the Court should remand because the Reifer factors are equivocal as to whether the Court should exercise its jurisdiction. (Id. at 6.) Defendant argues that the Court should exercise its jurisdiction over the instant litigation because there is no pending parallel state proceeding and there is no unsettled area of law at issue. (Doc. No. 10 at 10.)

3

B.     **Applicable Legal Standard**

The Declaratory Judgment Act provides in part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.]" See 28 U.S.C. § 2201(a).  The Act "does not itself create an independent basis for federal jurisdiction but instead provides a remedy for controversies otherwise properly within the [C]ourt's subject matter jurisdiction."[1]  Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 294 (3d Cir. 2016) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950)).

Actions seeking only declaratory relief are discretionary and thus are not "subject to the 'normal principle that federal courts should adjudicate claims within their jurisdiction.'"  See Reifer, 751 F.3d at 139 (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)).  Courts may thus "abstain from entertaining" actions asserted only for declaratory relief.  See Allied World Specialty Ins. Co. v. Indep. Blue Cross, No. 17-1463, 2017 WL 4922177, at *2 (E.D. Pa. Oct. 31, 2017) (citing Kelly, 868 F.3d at 281).  While the discretion courts exercise in actions seeking only declaratory relief is "substantial," it is nonetheless "bounded and reviewable."  See

---

[1] The Court has jurisdiction under 28 U.S.C. § 1332(a)(1).  The parties are diverse and the amount in controversy exceeds the sum of $75,000.  For purposes of the amount in controversy, the value of a declaratory claim is the "value of the object of the litigation," Auto-Owners Ins. Co., 835 F.3d at 398, determined by "look[ing] to the value of the insurance policy and the damages in the underlying case."  See Homesite Ins. Co. v. Neary, No. 17-cv-2297, 2017 WL 5172294, at *5-6 (E.D. Pa. Nov. 8, 2017) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995)).  The applicable business automobile policy has a per occurrence limit of $1,000,000.00.  (Doc. No. 7-2 at 11.)  However, Plaintiff's complaint does not allege a specific amount of damages.  (Doc. No. 1 at 22-24.)  Given the injuries alleged in Plaintiff's complaint, the Court cannot state to a legal certainty that the $75,000 threshold required by 28 U.S.C. § 1332 is not met.  See Auto Owners Ins. Co., 835 F.3d 388, 395 ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

Kelly, 868 F.3d at 282 (citing Reifer, 751 F.3d at 140). In deciding whether to entertain a declaratory action, courts "should first determine whether there is a 'parallel state proceeding.'" Id. (citing Reifer, 751 F.3d at 143, 146.)

Although the existence of a parallel state proceeding is significant, it is not dispositive; "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction," whereas "the existence of a parallel state proceeding 'militates significantly in favor of declining jurisdiction.'" See id. (citing Reifer, 751 F.3d at 144-45.) A pending state court action may properly be deemed a parallel state proceeding if, at the time the federal court is deciding whether to abstain, there exists "substantial similarity in issues and parties between contemporaneously pending proceedings." Id. at 284. Germane factors include "the scope of the pending proceeding, the claims and defenses asserted, and whether necessary parties had been or could be joined." Id. "Such analysis contemplates comparing the state and federal action as they contemporaneously exist, not as they might eventually be." Id.

Upon making a determination as to whether a pending state court action is a parallel state proceeding, courts should give "meaningful consideration" to the following factors to the extent they are relevant:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and

(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Id. at 282-83 (quoting Reifer, 751 F.3d at 146).

### C. Whether the Court Should Decline to Exercise Jurisdiction Over Plaintiff's Claim

The Court will exercise jurisdiction over the instant litigation, and, as a result, will deny Plaintiff's motion to remand. As an initial matter, the Court acknowledges that there is no other state action that this Court could consider a parallel state proceeding. As the Third Circuit established in Kelly, this conclusion strongly favors the Court's exercise of jurisdiction. See Kelly, 868 F.3d at 282 ("[T]he absence of a pending parallel state proceedings militates significantly in favor of exercising jurisdiction"). The Court will now consider the factors articulated by the Third Circuit in Reifer. See id. (holding that, upon concluding that no parallel state proceeding exists, a court should give the factors prescribed by the Third Circuit in Reifer "meaningful consideration . . . to the extent they are relevant," in order to determine whether "the lack of a pending parallel state proceeding is outweighed by opposing factors").

The factors established in Reifer do not favor remand. The first factor contemplates the likelihood that a federal court declaration will resolve the uncertainty of obligation that gave rise to the controversy. See Kelly, 868 F.3d at 283. This factor weighs in favor of the Court's exercise of its jurisdiction because a decision in the instant declaratory judgment action will resolve the uncertainty as to Plaintiff's ability to recover underinsured motorist benefits from Defendant. See Kelly, 868 F.3d at 288 (holding that "a declaratory judgment by the District Court would resolve the uncertainty that prompted filing of the Declaratory Action").

The second factor considers the convenience of the parties. Id. at 283. Given that Plaintiff filed the complaint in the Court of Common Pleas for Dauphin County and Defendant chose to remove the case to this Court, the Court concludes the Court's exercise of its jurisdiction would not inconvenience either party. Accordingly, the second factor weighs in favor of the Court's exercise of its jurisdiction. As to the third factor, "the public interest in settlement of the uncertainty of obligation," Kelly, 868 F.3d at 283, neither party has identified a public interest at stake. Accordingly, the Court finds that this factor weighs neither in favor nor against abstention. See Foremost, 2018 WL 417035, at *3 (finding that where the parties do not provide a public interest the third Reifer factor weighs neither in favor nor against abstention because there is not any public interest at stake other than the usual interests in fair adjudication, which the court is well-equipped to address).

Fourth, the availability and relative convenience of other remedies, Kelly, 868 F.3d at 283, neither weighs in favor nor against abstention. As the Court established supra, there is no parallel state proceeding and "the state and federal courts are equally able to grant effective relief in these circumstances." See Signature Bldg. Sys., Inc. v. Spears Mfg. Co., No. 3:17-cv-1795, 2018 WL 1123724, *5 (M.D. Pa. Feb 26, 2018) (quoting Kelly, 868 F.3d at 289). The fifth factor, a general policy of restraint when the same issues are pending in a state court, and the sixth factor, the avoidance of duplicative litigation, see Kelly, 868 F.3d at 283, are not applicable here because there is no parallel state proceeding. See id. at 289 (finding that the absence of a parallel proceeding meant that the general policy of restraint did not apply and there was no concern with duplicative litigation). Additionally, the seventh factor, prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata, is not applicable here because there is no parallel state proceeding in the

7

instant matter.  See Nationwide Prop. & Cas. Ins. Co. v. Zatyko, No. 16-cv-1010, 2016 WL 6804436, at *4 (E.D. Pa. Nov. 16, 2016) (finding that there did not appear to be any a concern about the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata, especially because there was no pending parallel state action).

The eighth factor, which is applicable in the insurance context, is an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.  See Kelly, 868 F.3d at 283. This factor is inapplicable to the resolution of Plaintiff's motion because there is no pending parallel state proceeding to consider in this case.  See Sechrist v. Farmland Mut. Ins. Co., No. 16-cv-1155, 2016 WL 6082132, at *2 (M.D. Pa. Oct. 18, 2016) (concluding that the eighth factor is inapplicable where there is no pending parallel state proceeding).  Accordingly, having determined that there is no parallel state proceeding, and weighing the eight Reifer factors, all of which either favor the Court's exercising jurisdiction or weigh neither in favor nor against abstention, the Court concludes that it is appropriate to exercise its discretionary authority to maintain jurisdiction over the instant litigation.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will deny Plaintiff's motion to remand.  (Doc. No. 7.)  An Order consistent with this Memorandum follows.